**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Ollie JOHNSON, Defendant–Appellant.**

**No. 94–10529.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 10, 1995.

Decided Sept. 5, 1995.

Charles Gresch, San Francisco, California, for defendant-appellant.

Susan E. Badger, Assistant United States Attorney, San Francisco, California, for plaintiff-appellee.

Before: HALL, WIGGINS, and LEAVY, Circuit Judges.

WIGGINS, Circuit Judge:

## OVERVIEW

Ollie Johnson appeals a 10-year sentence imposed after he pled guilty to possession of heroin with intent to distribute. In the plea agreement he waived his right to appeal. He now argues that the waiver does not encompass appeal of issues arising out of a law enacted in the period between his plea and sentencing. We are not persuaded. Accordingly, we dismiss Johnson's appeal as waived.

## BACKGROUND

On October 6, 1993, Johnson was indicted on two counts: (1) possession of heroin with intent to distribute (21 U.S.C. § 841(a)(1)), and (2) importation of heroin (21 U.S.C. § 952(a)). On June 24, 1994, Johnson executed and filed a written plea agreement and pled guilty to count one. The plea agreement, acknowledging that count one carried a mandatory minimum sentence of ten years' incarceration, stated that Johnson waived "the right to appeal any sentence imposed by the district judge." The waiver was not conditioned on the imposition of any particular sentence or range.[1]

Johnson's offense level was 31. His three criminal history points[2] placed him in Criminal History Category II, which indicated a Sentencing Guidelines range of 121 to 151 months. The district court found that Johnson's three criminal history points overstated the seriousness of his prior offenses, and Johnson was therefore eligible for a downward departure under U.S.S.G. § 4A1.3 (Nov. 1993). However, 21 U.S.C. § 841(b)(1)(A)(i) imposes a mandatory minimum sentence of ten years' imprisonment for possession with intent to distribute 1 kilogram or more of a substance containing heroin, and Johnson possessed 3.45 kilograms.

The district court, *sua sponte,* raised the question of whether Johnson could qualify for sentencing under the newly enacted Violent Crime Control and Law Enforcement Act of 1994, Pub.L. No. 103–322, 108 Stat. 1796 (the "Crime Bill"), which, among other provisions, added subsection (f) to 18 U.S.C. § 3553. The new section 3553(f) allows a court to sentence certain drug offenders under the Guidelines without regard to statutory minimum sentences. The court ultimately concluded that the new section 3553(f) did not apply to Johnson and, therefore, did not allow the court to ignore the 120–month mandatory minimum. Section 3553(f) applies only if the offender has "not more than 1 criminal history point." Johnson had three, and the court determined as a matter of law that it did not have the authority to reduce Johnson's points for purposes of section 3553(f). Accordingly, the court sentenced Johnson to the statutory minimum of 120 months, followed by five years of supervised release and a special assessment of $50. Johnson appealed on the ground that the sentencing court erred in believing it had no authority to sentence Johnson under section 3553(f).

The government moved to dismiss the appeal on the ground that Johnson had waived his right to appeal his sentence. Johnson opposed the motion on the ground that, although he knowingly and intelligently waived all appealable issues from the sentence based upon the status of the law at the time of his plea and waiver, such voluntary relinquishment of known rights was not intended to encompass, and could not logically extend to, appeal of a sentencing error premised upon a law not yet enacted at the time of the waiver.

## DISCUSSION

We divide Johnson's argument into two sub-issues: First, was the waiver intend-

---

1. The government followed through on its promise to dismiss count two, recommend a reduction in the base offense level for acceptance of responsibility, and recommend a sentence at the bottom of the final applicable Guideline range determined by the district court.

2. Johnson had one criminal history point because of a state conviction for inflicting corporal injury on his wife and resisting arrest. He had two additional points because he committed the instant offense while on probation.

ed to encompass potential appeals arising from interpretation of a law not yet enacted? We hold that it was. Second, was the waiver knowing and voluntary with respect to such an issue? Again, we conclude that it was.[3]

## I.

The temporal scope of an appeal waiver appears to be an issue of first impression in the federal courts. Although a plethora of cases supports the enforceability of waivers of appeal contained in plea agreements, such cases primarily focus on the adequacy of the colloquy at the Fed.R.Crim.P. 11 hearing. Only a handful of cases interpret an appeal waiver or discuss its scope,[4] and none deals with supervening changes in the law.

■ We hold that Johnson's appeal waiver encompasses appeals arising out of the law applicable to his sentencing. On its face, Johnson's waiver does not appear to be limited to issues arising from the law as it stood at the time of his plea: the waiver refers to "any sentence imposed by the district judge," not "any sentence imposed under the laws currently in effect." Although the sentencing law changed in an unexpected way, the possibility of a change was not unforeseeable at the time of the agreement. Johnson was presumably aware that the law in effect at the time of sentencing, not the time of the

plea, would control his sentence if the change in law did not increase his sentencing exposure. *See* U.S.S.G. § 1B1.11 (Nov. 1993). Therefore, a waiver of an appeal of "any sentence" is most reasonably interpreted as intending to waive appeals arising out of the district court's construction of the laws that actually determine Johnson's sentence, regardless of when they were enacted.

## II.

■ Having concluded that the waiver was *intended* to encompass the type of issue raised on this appeal, we go on to consider whether the waiver could be *knowing and voluntary* as to laws enacted after the plea was entered into.[5] Johnson argues it could not have been. We conclude that it was.

An argument generally similar to Johnson's was rejected by this court in *Navarro–Botello,* 912 F.2d at 320. Navarro–Botello claimed that his guilty plea, which included a waiver of his right to appeal, was involuntary because he could not make a knowing and intelligent waiver of unknown rights, and he could not "know or understand what appellate issues may arise until after sentencing." *Id.* The court responded that "[the defendant] knew he was giving up possible appeals, even if he did not know exactly what

3. We review the issue of waiver *de novo. United States v. Catherine,* 55 F.3d 1462 (9th Cir.1995); *United States v. Khaton,* 40 F.3d 309, 311 (9th Cir.1994).

4. *E.g. Catherine,* 55 F.3d at 1464 (waiver of right to appeal a sentence within the Guidelines range does not encompass appeal of amount of restitution); *Khaton,* 40 F.3d at 311 (waiver of right to appeal any sentence within the court's discretion does not encompass obviously improper deviations from the Guidelines' schema); *United States v. Abarca,* 985 F.2d 1012 (9th Cir.1993) (waiver of right to appeal precluded defendant from seeking reduced sentence on grounds of newly discovered partially exculpatory evidence that undermined the factual basis for the original sentencing decision); *United States v. Gonzalez,* 981 F.2d 1037 (9th Cir.1992) (although defendant waived his right to appeal, merits panel will consider whether government breached the plea agreement by opposing downward adjustment for acceptance of responsibility); *United States v. Navarro–Botello,* 912 F.2d 318, 321 (9th Cir. 1990) (waiver of the right to appeal would not prevent an appeal where the sentence imposed is not in accordance with the negotiated agree-

ment); *United States v. Jacobson,* 15 F.3d 19 (2d Cir.1994) (waiver of right to appeal sentence did not bar appeal of sentence on due process ground that disparity of sentences among codefendants was based entirely on race); *United States v. Bushert,* 997 F.2d 1343 (11th Cir.1993) (reviewing validity of appeal waivers in several circuits); *United States v. Marin,* 961 F.2d 493, 496 (4th Cir.1992) (a defendant who waives his right to appeal does not subject himself to being sentenced entirely at the whim of the district court: waiver would not encompass a sentence in excess of maximum statutory penalty or one based on a constitutionally impermissible factor such as race); *United States v. Rutan,* 956 F.2d 827 (8th Cir.1992) (despite an appeal waiver, a defendant can still appeal a sentence not in accordance with the negotiated agreement, and can challenge an illegal sentence under 28 U.S.C. § 2255).

5. Johnson concedes the knowing and voluntary character of the waiver of appellate issues arising from laws in effect at the time of the plea.

the nature of those appeals might be," and concluded that the waiver was therefore knowing. *Id.* The fact that Johnson did not foresee the specific issue that he now seeks to appeal does not place that issue outside the scope of his waiver.[6] *Id.; see also Rutan*, 956 F.2d at 830 (rejecting, in appeal waiver context, the argument that defendant cannot waive an unknown right).

We therefore DISMISS Johnson's appeal.

---

6. We do not rule out the possibility that a sentencing error could be entirely unforeseeable and therefore not barred by the defendant's appeal waiver. *See, e.g., Jacobson*, 15 F.3d 19 (appeal of racially based sentence not barred by waiver); *Marin*, 961 F.2d at 496 (waiver of right to appeal does not subject defendant to being sentenced entirely at the whim of the district court). Johnson's is not such a case.