87 F.3d 1324
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Keith IMEL, Defendant-Appellant.
 No. 95-36147.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 11, 1996.*
Decided June 14, 1996.
 
 Before: CANBY, JOHN T. NOONAN, JR., and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Federal prisoner Keith Imel appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside or correct his sentence under the Sentencing Guidelines for his guilty plea conviction of maintaining a drug establishment in violation of 21 U.S.C. § 856(a)(1).
 
 
 3
 Imel contends that evidence seized from his home should be excluded because the National Guard assisted in the search in violation of the Posse Comitatus Act, 18 U.S.C. § 1385. Although Imel waived his right to challenge the search and seizure as part of his plea agreement, he contends because the law changed after the time for Imel to bring the issue on direct appeal, the district court erred in concluding that he forfeited his right to complain about the National Guard.
 
 
 4
 "[W]hen the judgment of a conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary. If the answer is in the afirmative, then the conviction and the plea, as a general rule foreclose the collateral attack." United States v. Broce, 488 U.S. 563, 569 (1989). Moreover, a waiver of rights in a plea agreement can be knowing and voluntary as to laws enacted after the plea was entered into. United States v. Johnson, 67 F.3d 200, 202 (9th Cir.1995). Imel's plea was counseled and he does not challenge the voluntariness of the plea. He is precluded, therefore, from raising a collateral challenge to the search and seizure of his home based on a change in the law. See Broce, 488 U.S. at 569. Accordingly, the district court's denial of Imel's section 2255 motion is
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because we affirm the denial of relief under the former version of 28 U.S.C. § 2255, we do not consider whether the Antiterrorism and Effective Death Penalty Act of 1996 applies to this appeal