116 F.3d 487
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Romel ROSALEZ, Defendant-Appellant.
 No. 96-10375.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 3, 1997**
Decided June 5, 1997.
 
 Appeal from the United States District Court for the Northern District of California Ronald M. Whyte, District Judge, Presiding.
 Before: NORRIS, LEAVY and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Romel Rosalez appeals the 120 month sentence imposed following his guilty plea conviction for possession of methamphetamine with intent to distribute in violation of 21 U.S.C. § 841(a)(1). Rosalez contends that the district court erred by not allowing him a safety valve reduction in sentence under 18 U.S.C. § 3553. The government asserts that as part of his plea agreement, Rosalez waived his right to appeal any sentence of 120 months or less. We agree.[1]
 
 
 3
 Because the district court imposed a 120 month sentence, Rosalez has waived his right to appeal his sentence, see United States v. Bolinger, 940 F.2d 478, 480 (9th Cir.1991), and his appeal is
 
 
 4
 DISMISSED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 We reject Rosalez's assertion that when he waived the right to appeal "any aspect" of any sentence of 120 months or less, he retained the right to appeal the "manner" in which the sentence was determined. This is an unreasonable interpretation of his negotiated plea agreement, which contains a broad waiver of the right to appeal. Moreover, the plea agreement states that the parties did not reach an agreement regarding the safety valve provision, and there is no indication Rosalez reserved the right to appeal the district court's resolution of that issue. See United States v. Johnson, 67 F.3d 200, 202 (9th Cir.1995) (a waiver of appeal of "any sentence" is most reasonably interpreted as intending to waive appeals arising out of the district court's construction of the laws that actually determine defendant's sentence)