**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Clay Inman PALMER, Defendant–
Appellant.**

**No. 00–30248.**

**D.C. No. CR–00–60002–01–MRH.**

United States Court of Appeals,
Ninth Circuit.

Submitted March 12, 2001.[1]

Decided March 28, 2001.

Before WALLACE, SILVERMAN and W. FLETCHER, Circuit Judges.

MEMORANDUM[2]

Clay Inman Palmer appeals the restitution order imposed following his guilty plea to four counts of bank larceny, in violation of 18 U.S.C. § 2113(b). We have jurisdiction pursuant to 28 U.S.C. § 1291. The legality of a restitution order is reviewed de novo, *United States v. Baggett,*

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, Appellant's request for oral argument is denied.

2. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

125 F.3d 1319, 1321 (9th Cir.1997), and we affirm.

Palmer contends that the district court's restitution order violates the dictates of the Mandatory Victims Restitution Act (MVRA).[3] We disagree. Our review of the record shows that the district court considered Palmer's ability to pay restitution, correctly set the amount of restitution as the amount of loss not recovered by the victim, and provided for a reasonable payment schedule for any balance remaining at the time of his release. This order complies with the requirements of the MVRA. *See* 18 U.S.C. § 3572(a)(1) and (2) (requiring that payment of restitution be made immediately, or that any payment schedule require full payment in the shortest time reasonably possible); *see also Baggett,* 125 F.3d at 1322–23 (9th Cir.1997) (concluding that the district court need not make express factual findings of fact about appellant's financial condition as long as the record reflects that this information was at the court's disposal).

To the extent that Palmer contends that his waiver of appeal is unenforceable, this contention lacks merit. The record shows that the district court sufficiently complied with Fed.R.Crim.P. 11(c)(6). *United States v. Anglin,* 215 F.3d 1064, 1067 (9th Cir.2000). This waiver forecloses our consideration of Palmer's contention that the district court violated Fed.R.Crim.P. 32. Although we have noted that there may be cases where "a sentencing error could be entirely unforeseeable and therefore not barred by the defendant's appeal waiver," *United States v. Johnson,* 67 F.3d 200, 203 n. 6 (9th Cir.1995), this is not one of those cases. *Cf. United States v. Jacobson,* 15

F.3d 19 (2nd Cir.1994) (concluding that waiver of right to appeal sentence did not bar appeal on ground that sentencing disparity among codefendants was based entirely on race in violation of due process); *United States v. Marin,* 961 F.2d 493, 496 (4th Cir.1992) (waiver of right to appeal does not encompass a sentence in excess of maximum statutory penalty or one based on a constitutionally impermissible factor such as race).

AFFIRMED.

---

**3.** Palmer need not challenge the validity of his waiver to bring this claim. *See United States v. Baramdyka,* 95 F.3d 840, 843 (9th Cir.1996) (concluding that "[u]nder the law of this Circuit, [defendant] ... implicitly preserved his

right to appeal on the grounds that the sentence was illegal").

