UNITED STATES of America, Plaintiff–Appellee,

v.

Raul ROBLES–RUIZ, aka Javier Gonzalez, Defendant– Appellant.

No. 01–10400.

D.C. No. CR–01–00292–JAT.

United States Court of Appeals, Ninth Circuit.

Submitted March 11, 2002 *.

Decided March 19, 2002.

Before FARRIS, W. FLETCHER, and FISHER, Circuit Judges.

## MEMORANDUM **

Raul Robles–Ruiz appeals his 33–month sentence imposed after his guilty plea conviction for Illegal Re–Entry after Deportation, in violation of 8 U.S.C. § 1326.

Robles–Ruiz contends that he is entitled to be resentenced under the amendments to U.S.S.G. § 2L1.2 that took effect while his appeal was pending. Robles–Ruiz contends that this court has jurisdiction to address his appeal since: (1) his guilty plea is invalid under Fed.R.Crim.P. 11 be-

---

* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

cause the district court conducted two simultaneous plea hearings; and (2) his plea waiver is invalid because his sentence was not consistent with the terms of his plea agreement.

A review of the record demonstrates that the court conducted a thorough Rule 11 guilty plea colloquy, and that Robles–Ruiz knowingly and voluntarily waived his right to appeal his sentence. *See United States v. Johnson,* 67 F.3d 200, 201–202 (9th Cir.1995) (enforcing a defendant's waiver of appeal even in the face of an intervening change of law since (1) the waiver intended to encompass the issue raised; and (2) the waiver was knowingly and voluntary despite change in law). Robles–Ruiz' Rule 11 contention lacks merit since Rule 11 does not prohibit the court from conducting simultaneous hearings. *See* Fed.R.Crim.P. 11(c).

Robles–Ruiz' sentence was consistent with the terms of the written plea agreement because his sentence was within the sentencing range agreed upon in the plea agreement. *See* Fed.R.Crim.P. 11(e)(1)(C). Therefore, we enforce Robles–Ruiz' valid appeal waiver and dismiss for lack of jurisdiction.

DISMISSED.

---

* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.