UNITED STATES of America,
Plaintiff—Appellee,

v.

Alphonso PALMER, Defendant—
Appellant.

No. 04–10453.

D.C. No. CR–03–00140–HG.

United States Court of Appeals,
Ninth Circuit.

Submitted May 13, 2005.*

Decided May 26, 2005.

Leslie F. Osborne, Honolulu, HI, for Plaintiff–Appellee.

Georgia K. McMillen, Wailuku, HI, for Defendant–Appellant.

Before KOZINSKI, CALLAHAN and BEA, Circuit Judges.

## MEMORANDUM**

Palmer argues that his sentence was imposed in violation of the Sixth Amendment. *See United States v. Booker,* — U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). In his plea agreement, Palmer "waive[d] the right to appeal ... any sentence within the maximum provided in the statute(s) of conviction or the manner in which that sentence was determined."

This appeal waiver is valid, even though it was entered before *Booker.* *See United States v. Cardenas,* 405 F.3d 1046, 1047 (9th Cir.2005); *see also United States v. Johnson,* 67 F.3d 200, 202—03 (9th Cir. 1995).

Palmer's appeal waiver did contain an exception in the event the district court "in imposing sentence departs (as that term is used in Park K of the Sentencing Guidelines) upward from the guideline range determined by the Court to be applicable." The district court did not depart upward from the guideline range it calculated. Rather, Palmer objects to what the court included as relevant conduct in computing that range.

Because the district court imposed a fifteen-month term, which is within the three-year maximum provided in the statute of conviction, 26 U.S.C. § 7206, and did not depart upward in doing so, we lack jurisdiction to consider Palmer's appeal. *See United States v. Anglin,* 215 F.3d 1064, 1065—68 (9th Cir.2000); *United States v. Vences,* 169 F.3d 611, 613 (9th Cir.1999).

*DISMISSED.*

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.