**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Christian EASTWOOD, a.k.a. Kristo M. Springer, Defendant—Appellant.**

**No. 03–10016.**

**D.C. No. CR–01–00443–KJD.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 8, 2003.

Decided July 29, 2005.

Camille Damm, Howard J. Zlotnick, Justin J. Roberts, Esq., Office of the U.S. Attorney, Las Vegas, NV, for Plaintiff–Appellee.

Anne R. Traum, Federal Public Defender's Office, Las Vegas, NV, for Defendant–Appellant.

Before PREGERSON, BEAM,* and PAEZ, Circuit Judges.

* The Honorable Arlen C. Beam, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

## SUPPLEMENTAL MEMORANDUM**

We filed a memorandum disposition affirming denial of defendant-appellant Christian Eastwood ("Eastwood")'s motion to suppress on August 24, 2004. On September 7, 2004, we granted Eastwood's motion to stay issuance of the mandate pending the United States Supreme Court's decision in *United States v. Booker*, — U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Eastwood petitioned for writ of certiorari, and the Supreme Court vacated our judgment and remanded for further consideration in light of *Booker* on January 24, 2005. We reaffirm our holding in our original memorandum affirming denial of Eastwood's motion to suppress and hold that it is unnecessary to remand this case in light of *United States v. Ameline*, 409 F.3d 1073 (9th Cir.2005) (en banc).

In a Rule 28(j) letter and in his memorandum in support of the motion to stay issuance of our mandate, Eastwood argued that his sentence was imposed in violation of the Sixth Amendment as construed in *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). In supplemental briefing, Eastwood argued that this court should remand the case pursuant to *Ameline*. However, Eastwood's plea agreement contained a waiver of his right to appeal his sentence. With the exception of sentence guideline calculations higher than those projected in the plea agreement or upward departures, Eastwood "knowingly and expressly" waived the right to appeal "any sentence imposed within the applicable guideline range as determined by the Court," "the manner in which the sentence was determined on the grounds in [18 U.S.C.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

§ 3742]," and "any other aspect of his ... sentence."

Knowing and voluntary waivers of the right to appeal are "regularly enforced" in this circuit. *United States v. Anglin*, 215 F.3d 1064, 1066 (9th Cir.2000). We have enforced an appeal waiver made prior to the Supreme Court's decision in *Booker* despite the change in the law brought about by this decision. *See United States v. Cardenas*, 405 F.3d 1046, 1047 (9th Cir. 2005) (reasoning that "a change in the law does not make a plea involuntary and unknowing."); *see also United States v. Johnson*, 67 F.3d 200, 202–03 (9th Cir. 1995) (holding that an appeal waiver was "knowing and voluntary as to laws enacted after the plea was entered into."). Other circuits have taken the same approach. *See, e.g., United States v. Morgan*, 406 F.3d 135, 137 (2d Cir.2005) (holding appeal waiver to be enforceable against *Booker* claims); *United States v. Bradley*, 400 F.3d 459, 463–66 (6th Cir.2005) (same); *United States v. Bownes*, 405 F.3d 634, 636 (7th Cir.2005) (same); *United States v. Green*, 405 F.3d 1180, 1189 (10th Cir.2005) (same); *United States v. Grinard–Henry*, 399 F.3d 1294, 1296 (11th Cir.2005) (same).

Here, the 100–month sentence imposed was not greater than was projected by the plea agreement, and the sentencing court did not impose an upward departure. As to all other sentencing issues, Eastwood waived his right to appeal. We conclude that this appeal waiver is valid and enforceable, despite the change in the law brought about by *Booker*. Accordingly, we need not remand this case for resentencing.

**AFFIRMED.**