**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

GUY WILLIAM SAVAGE,

Defendant - Appellant.

No. 09-50456

D.C. No. 8:05-cr-00139-CJC-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Argued and Submitted September 1, 2010
Pasadena, California

Before: O'SCANNLAIN, FISHER and GOULD, Circuit Judges.

Guy William Savage appeals the sentence imposed following his guilty plea

to three counts of armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d),

and two counts of bank robbery, in violation of § 2113(a). We affirm.

---

[*]This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

1. Savage's appeal waiver bars our review of his argument that the district court failed to comply with two procedural rules imposed by Rule 32(i) of the Federal Rules of Criminal Procedure. Savage expressly waived his right to appeal "the manner in which [his] sentence [was] determined." This language plainly encompasses the district court's alleged errors under Rule 32(i)(1)(A) and (i)(4)(A)(ii). *See United States v. Baramdyka*, 95 F.3d 840, 843 (9th Cir. 1996) ("In reviewing a waiver of appeal, we . . . focus . . . upon the language of the waiver to determine its scope."). *United States v. Petty*, 80 F.3d 1384 (9th Cir. 1996), upon which Savage relies, is distinguishable. As *Petty* explains, the scope of a plea agreement turns on the intent on the parties. *See id.* at 1387. Here, in contrast to *Petty*, the language of the agreement refers to the manner in which the sentence was determined. It thus expressly covers the errors that Savage seeks to raise on appeal. Furthermore, in contrast to *Petty*, nothing in the parties' statements or conduct contradicts the language of the agreement.

2. The district court "adequately explain[ed] the chosen sentence." *Gall v. United States*, 552 U.S. 38, 51 (2007). Before imposing a below-Guidelines sentence, the court discussed in detail the seriousness of Savage's offenses, including the number of bank robberies, the use of hoax bombs, that the robberies were "committed in a cruel and calculated way that are surely to lead to the

2

intentional infliction of emotional distress on the bank tellers" and Savage's recruitment of a homeless man as an accomplice. The court also discussed several mitigating factors, particularly the extreme pain and emotional distress Savage suffered while in custody as a result of gunshot wounds he sustained at the time of his arrest. Finally, the court explained how it balanced Savage's pain and suffering against the "other objectives of sentencing, such as just punishment for the offense, deterrence, and making sure that the sentence reflects the seriousness of what he did."

     3.     The sentence is not substantively unreasonable. The district court reasonably concluded that, absent mitigation, Savage's offenses were serious enough to warrant a sentence in excess of the Guidelines range. The court then reasonably determined that the extreme pain and suffering Savage suffered while in custody warranted a five-year reduction in his sentence. This resulted in a substantively reasonable, below-Guidelines term of 120 months in prison. *See, e.g.*, *United States v. Blinkinsop*, 606 F.3d 1110, 1116 (9th Cir. 2010) ("When a district judge has considered the § 3553(a) factors and the totality of the circumstances supports the sentence, we have held that the sentence is substantively reasonable . . . .").

     **AFFIRMED.**

*United States v. Savage*, 09-50456

GOULD, J., concurring in part and dissenting in part:

I respectfully dissent from the majority's determination that an appeal waiver applies prospectively to a district court's unforeseeable post-waiver errors. I would follow *United States v. Petty*, 80 F.3d 1384 (9th Cir. 1996), and remand for resentencing because Savage's personal right of allocution under Rule 32 of the Federal Rules of Criminal Procedure was not honored before sentence was rendered. It does not matter that Savage had submitted a letter and that after the sentence he thanked the court. The right personally to allocute before issuance of the sentence is a bedrock requirement of Rule 32, and is explicitly mandated by Rule 32(i)(4). It may seem like a waste of time to resentence and permit the defendant to be present and speak at his sentencing, when the sentencing judge may be likely to reimpose the same reasonable sentence. However, the principle of permitting allocution is an important one and I would not disregard it. When the defendant exercises a right to speak to the court, there is always the chance of a judicial change of mind, and further when the court addresses the defendant the court's words may have important impact in deterring recidivism.

As for the scope of the appeal waiver, I would follow *Petty* because in agreeing to the waiver Savage could not have reasonably anticipated that the district court in sentencing would disregard the clear requirement of Rule 32

permitting a personal allocution. Following *Petty* does not pose any conflict with *United States v. Johnson*, 67 F.3d 200 (9th Cir. 1995), because *Johnson* merely permits a waiver to reach post-agreement errors that were foreseeable when it was entered, whereas here it was not reasonably foreseeable, in the light of Rule 32's command, that the sentencing court would pretermit personal allocution.

I concur that the district court adequately explained the sentence, and that the sentence was not substantively unreasonable.