GOULD, J.,
concurring in part and dissenting in part:
I respectfully dissent from the majority’s determination that an appeal waiver applies prospectively to a district court’s unforeseeable post-waiver errors. I would follow United States v. Petty, 80 F.3d 1384 (9th Cir.1996), and remand for resentencing because Savage’s personal right of allocution under Rule 32 of the Federal Rules of Criminal Procedure was not honored before sentence was rendered. It does not matter that Savage had submitted a letter and that after the sentence he thanked the court. The right personally to allocute before issuance of the sentence is a bedrock requirement of Rule 32, and is explicitly mandated by Rule 32(1)(4). It may seem like a waste of time to resentence and permit the defendant to be present and speak at his sentencing, when the sentencing judge may be likely to reimpose the same reasonable sentence. However, the principle of permitting allocution is an important one and I would not disregard it. When the defendant exercises a right to speak to the court, there is always the chance of a judicial change of mind, and further when the court addresses the defendant the court’s words may have important impact in deterring recidivism.
As for the scope of the appeal waiver, I would follow Petty because in agreeing to the waiver Savage could not have reasonably anticipated that the district court in sentencing would disregard the clear requirement of Rule 32 permitting a personal allocution. Following Petty does not pose any conflict with United States v. Johnson, 67 F.3d 200 (9th Cir.1995), because Johnson merely permits a waiver to reach post-agreement errors that were foreseeable when it was entered, whereas here it was not reasonably foreseeable, in the light of Rule 32’s command, that the sentencing court would pretermit personal allocution.
I concur that the district court adequately explained the sentence, and that the sentence was not substantively unreasonable.