FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 22 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-30296 |
| Plaintiff - Appellee, | D.C. No. 3:10-cr-00067-TMB |
| v. | |
| DANIEL ISAAC MEZA, a.k.a. Wilbur Daniel Meza, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Timothy M. Burgess, District Judge, Presiding

Submitted October 15, 2013[**]

Before:     FISHER, GOULD, and BYBEE, Circuit Judges.

Daniel Isaac Meza appeals from the district court's judgment and challenges

his guilty-plea conviction for drug conspiracy, in violation of 21 U.S.C.

§§ 841(b)(1)(A) and (C), and 846; and international money laundering, in violation

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

of 18 U.S.C. § 1956(a)(B)(i), (ii). We dismiss.

The government argues that this appeal is barred by Meza's waiver of his right to appeal his conviction. Meza argues, however, that his plea was not knowing and voluntary because, at the time of his plea, he did not know what factual findings the district court would make at sentencing and what sentence it would impose. We review de novo whether a defendant's plea was knowing and voluntary. *See United States v. Kaczynski*, 239 F.3d 1108, 1114 (9th Cir. 2001).

Contrary to Meza's contention, the record reflects that he knowingly and voluntarily entered into his plea agreement, notwithstanding the fact that it did not include a specific sentencing term. *See United States v. Johnson*, 67 F.3d 200, 202-03 (9th Cir. 1995) (rejecting argument that a defendant cannot knowingly waive an unknown right). Accordingly, we dismiss the appeal. *See id*. at 203.

**DISMISSED.**