**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50622 |
| Plaintiff - Appellee, | D.C. No. 3:13-cr-02943-LAB |
| v. | |
| HERIBERTO ESQUIVEL, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted November 18, 2014[**]

Before:    LEAVY, FISHER, and N.R. SMITH, Circuit Judges.

Heriberto Esquivel appeals from the district court's judgment and challenges

the 27-month sentence imposed following his guilty-plea conviction for

transportation of illegal aliens and aiding and abetting, in violation of 8 U.S.C.

§ 1324(a)(1)(A)(ii) and (a)(1)(A)(v)(II).  We dismiss.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Esquivel contends that the district court improperly relied at sentencing on facts disclosed during a cooperation debriefing, and that the sentence is substantively unreasonable. The government contends that this appeal should be dismissed based on the appeal waiver in the parties' plea agreement. We review de novo whether an appellant has waived his right to appeal. *See United States v. Joyce*, 357 F.3d 921, 922 (9th Cir. 2004).

As relevant here, Esquivel waived any right to appeal his sentence, except to challenge the applicability of the substantial-risk enhancement under U.S.S.G. § 2L1.1(b)(6), and to challenge a custodial sentence "above the high end of the guideline range recommended by the Government pursuant to this agreement at the time of sentencing." The district court did not impose the substantial-risk enhancement, and Esquivel received a sentence within the Guidelines range recommended by the government at sentencing. Accordingly, neither of the appeal waiver's relevant exceptions applies, and the waiver is enforceable. Contrary to Esquivel's argument, the fact that he did not anticipate this application of the waiver does not render the waiver unenforceable. *See United States v. Johnson*, 67 F.3d 200, 202-03 (9th Cir. 1995).

**DISMISSED.**