**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 10 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-50286 |
| Plaintiff-Appellee, | D.C. No. 2:14-cr-00499-PA-1 |
| v. | |
| XILIN CHEN, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted July 8, 2019[**]
Pasadena, California

Before: M. SMITH and FRIEDLAND, Circuit Judges, and AMON,[***] District
Judge.

Defendant Xilin Chen appeals his judgment of conviction, following his

guilty plea, for unlawful procurement of United States citizenship, in violation of

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Carol Bagley Amon, United States District Judge for
the Eastern District of New York, sitting by designation.

18 U.S.C. § 1425. He also appeals his sentence of 14 months' imprisonment, imposed following his guilty plea to two additional counts: passing false papers through a customhouse in violation of 18 U.S.C. § 545 and conspiracy to launder monetary instruments in violation of 18 U.S.C. § 1956(h) and 18 U.S.C. § 1956(a)(1)(B). We have jurisdiction pursuant to 28 U.S.C. § 1291. We dismiss the appeal of Chen's conviction and affirm his sentence.

Chen contends that the appeal waiver contained in his plea agreement is not enforceable because his guilty plea was not knowing and voluntary in light of *Maslenjak v. United States*, 137 S. Ct. 1918 (2017). We reject that argument. "[A] change in the law does not make a plea involuntary and unknowing," *United States v. Cardenas*, 405 F.3d 1046, 1048 (9th Cir. 2005), and this is not a case in which "neither [Chen], nor his counsel, nor the court correctly understood the essential elements of the crime with which he was charged," *Bousley v. United States*, 523 U.S. 614, 618 (1998). "The fact that [Chen] did not foresee the specific issue that he now seeks to appeal does not place that issue outside the scope of his waiver." *United States v. Johnson*, 67 F.3d 200, 203 (9th Cir. 1995). Accordingly, Chen's appeal waiver bars our review of his conviction, including his appeal of the denial of his motion to withdraw his plea. *See United States v. Rahman*, 642 F.3d 1257, 1259 (9th Cir. 2011).

Chen also contends that the district court failed to properly consider the amount of forfeiture he provided at sentencing. But the record shows that the district court did consider the amount of forfeiture, among other factors, before imposing a within-guidelines sentence. And the district court was not bound by the parties' joint sentencing recommendation. *United States v. Rosales-Gonzales*, 801 F.3d 1177, 1183 (9th Cir. 2015). We discern no abuse of discretion in the district court's sentencing decision. *See United States v. Autery*, 555 F.3d 864, 872–73 (9th Cir. 2009).

Appeal of conviction **DISMISSED**; sentence **AFFIRMED**.