**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

RAFAEL PACHECO-NAVARETTE,
*Defendant-Appellant.*

No. 04-10396

D.C. No.
CR-03-01029-3-
NVW

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

VICTOR ALFONSO GOMEZ-VERA,
*Defendant-Appellant.*

No. 04-10442

D.C. No.
CR-03-01029-1-
(NVW)

OPINION

Appeal from the United States District Court
for the District of Arizona
Neil V. Wake, District Judge, Presiding

Submitted October 18, 2005*
San Francisco, California

Filed December 23, 2005

Before: Dorothy W. Nelson, Johnnie B. Rawlinson, and
Carlos T. Bea, Circuit Judges.

Opinion by Judge D.W. Nelson

*This panel unanimously finds this case suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2).

16675

**COUNSEL**

Michael D. Gordon, Federal Public Defender's Office, Phoenix, Arizona, for defendant-appellant Rafael Pacheco-

Navarette and Atmore L. Baggot, Apache Junction, Arizona, for defendant-appellant Victor Alfonso Gomez-Vera.

Michael Allen Lee, Assistant United States Attorney, Phoenix, Arizona, for the plaintiff-appellee.

## OPINION

D.W. NELSON, Senior Circuit Judge:

Rafael Pacheco-Navarette ("Pacheco") and Victor Gomez-Vera ("Gomez") appeal their convictions and sentences following each appellant's guilty plea to being an alien in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(5) and 924(a)(2). Principally, appellants argue that their appeal waivers are invalid. We must also consider whether to remand in light of *Booker* and *Ameline*. We dismiss the appeals for lack of jurisdiction.

## FACTUAL BACKGROUND

Pacheco and Gomez pled guilty to violations of 18 U.S.C. §§ 922(g)(5) and 924(a)(2) because of their possession of firearms to perpetrate various crimes related to trafficking illegal aliens from Mexico to Arizona between August and September 2003.

Appellants entered pleas of guilty pursuant to virtually identical plea agreements that stipulated sentences of 120 months, the statutory maximum. They also stipulated to the upward departures required to reach the negotiated sentence under the United States Sentencing Guidelines ("Guidelines"), and waived "any right to raise on appeal or collaterally attack any matter pertaining to this prosecution and sentence." In return for appellants' pleas, the government agreed to dismiss additional counts in the indictment and to refrain from charging them with additional, more serious, offenses.

After standard change of plea hearings, presentence reports were prepared, recommending the upward departures and ultimate sentences stipulated in the plea agreements. Citing *Blakely v. Washington*, 542 U.S. 296 (2004), Pacheco objected to his presentence report, arguing that the sentence enhancements contained therein could not be imposed unless they were submitted to a jury. However, Pacheco also conceded that his objections would have "no practical effect on the sentence, as [he] stipulated in his plea agreement to the statutory maximum sentence of ten (10) years."[1]

Appellants were sentenced in accordance with their plea agreements.

## DISCUSSION

### I.   *Validity of Pacheco's Guilty Plea*

Pacheco challenges the validity of his guilty plea because the district court failed to advise him of his right to have a jury determine the facts upon which any sentence enhancements under the Guidelines were predicated, a right recognized by *United States v. Booker*, 543 U.S. ___, 125 S. Ct. 738 (2005). We review the adequacy of a guilty plea colloquy *de novo*. *United States v. Villalobos*, 333 F.3d 1070, 1073 (9th Cir. 2003).

**[1]** Federal Rule of Criminal Procedure 11 obligated the district court to describe to Pacheco the consequences of his plea that had "a definite, immediate and largely automatic effect on the range of [his] punishment." *United States v. Lit-*

---

[1]At sentencing, Pacheco could have moved to withdraw his guilty plea for the "fair and just reason" of an intervening Supreme Court decision. *See United States v. Ortega-Ascanio*, 376 F.3d 879 (9th Cir. 2004). He did not do so. Instead, noting the change in law after *Blakely*, Pacheco's attorney declared, "[Pacheco] does not wish to withdraw from the plea agreement. He wishes you to sentence him in accordance to [sic] it . . . ."

*tlejohn*, 224 F.3d 960, 965 (9th Cir. 2000) (citation omitted). Clearly, potential changes in the law did not have such an effect on Pacheco's ultimate sentence. Pacheco cannot, now, claim that his guilty plea was rendered involuntary or unknowing because of the district court's colloquy, which, *at the time it was given*, correctly stated his rights.

**[2]** Thus, we hold that a guilty plea colloquy is not deficient solely because the district court did not advise a defendant of rights established by *subsequent* judicial decisions or changes in the law. *Cf. Littlejohn*, 224 F.3d at 967-68 (finding no error where the district court had no knowledge or reason to know of defendant's prior convictions at the time of plea hearing, so failed to advise defendant that his sentence could be enhanced based on those convictions). Although Pacheco's claim raises an issue of first impression, our conclusion is the natural result of well-established law stating that substantive changes in the law do not invalidate guilty pleas. *Brady v. United States*, 397 U.S. 742, 756-758 (1970) (holding that the Constitution does not require invalidation of guilty pleas "simply because it later develops that the State would have had a weaker case than the defendant had thought or that the maximum penalty then assumed applicable has been held inapplicable in subsequent judicial decisions"); *United States v. Cardenas*, 405 F.3d 1046, 1048 (9th Cir. 2005) (noting that "a change in the law does not make a plea involuntary and unknowing") (citing *United States v. Johnson*, 67 F.3d 200, 202-03 (9th Cir. 1995)).

If a guilty plea is not rendered involuntary or unknowing because of subsequent changes in the law, it necessarily follows that a guilty plea cannot be invalidated because the court did not inform a defendant of those then-nonexistent rights. Any other result would force district courts to anticipate all possible changes in the law. Moreover, it would vitiate the decisions in *Brady* and *Johnson* because every defendant claiming his plea was involuntary or unknowing because of a subsequent change in the law would also have the claim that

the guilty plea colloquy was deficient for failing to inform him of that change.

## II.   Validity of Appellants' Appeal Waivers

Pacheco and Gomez also argue that their appeal waivers are invalid; we review such claims *de novo*. *United States v. Bynum*, 362 F.3d 574, 583 (9th Cir. 2004).

Gomez argues that his plea agreement should not have been accepted, so his appeal waiver is necessarily invalid. He argues that the district court should not have accepted the plea agreement into which he entered because it constituted impermissible "double counting" by stipulating upward adjustments and upward departures under the Guidelines based upon the same factors.

**[3]** Gomez's argument rests on the false premise that stipulated sentences must comport with the Guidelines. Even before *Booker*, this court accepted implicitly that stipulated sentences could fall outside the otherwise applicable Guideline range. *See United States v. Mukai*, 26 F.3d 953; 955-56 (9th Cir. 1994) (requiring the district court to accept or reject a sentencing arrangement outside of the Guidelines, but not modify it). We accept this proposition explicitly: as the Guidelines are advisory only, *see Booker*, 543 U.S. at ___, 125 S. Ct. at 764-65, there can be no reasonable argument that the court does not have the authority to accept a stipulated sentence that does not comport with them. *Accord United States v. Cieslowski*, 410 F.3d 353, 363 (7th Cir. 2005) (stating that "if there was any doubt whether a court may impose a sentence outside of the Sentencing Guideline range, that doubt has been erased by the Supreme Court's recent decision in [*Booker*], which rendered the Sentencing Guidelines advisory only"); *United States v. Bundy*, 359 F. Supp. 2d 535, 538 (W.D. Va. 2005).

**[4]** Moreover, it is within the sound discretion of the district court to reject or accept any plea agreement. *See United*

*States v. Barker*, 681 F.2d 589, 592 (9th Cir. 1982). Gomez's plea agreement was within statutory parameters and the record demonstrates that the district court considered and was satisfied with the reasons for the stipulation to the maximum possible sentence. We cannot, therefore, conclude that the district court abused that discretion.

Pacheco argues that, as a result of the Supreme Court's decision in *Booker*, he could not have waived his appeal right "knowingly and voluntarily," which is required to uphold a waiver, *see, e.g.*, *United States v. Nguyen*, 235 F.3d 1179, 1182 (9th Cir. 2000). This argument is precluded by our opinion in *Cardenas*, which held that the change in the law effected by *Booker* did not render unknowing or involuntary a prior appeal waiver. *Cardenas*, 405 F.3d at 1048.[2]

[5] Therefore, "our inquiry into the validity of the waivers is at an end." *Nguyen*, 235 F.3d at 1182. The valid waivers bar appellants' underlying challenges to their convictions and sentences, and we must dismiss their appeals. *Id.*

## III.   *Remand Pursuant to* Booker *and* Ameline

Finally, appellants ask us to remand their cases to the district court in light of *Booker* and *United States v. Ameline*, 409 F.3d 1073, 1074 (9th Cir. 2005) (en banc). As the decisions in *Booker* and *Ameline* could not affect the district court's determination at re-sentencing, remand is unnecessary.

[6] Pacheco and Gomez were each sentenced *outside* of the Guidelines pursuant to a negotiated plea agreement. The provisions of the Guidelines relating to plea agreements—U.S.S.G. §§ 6B1.1-4, p.s.—are policy statements only. The binding law is (and was then) Federal Rule of Criminal Proce-

---

[2]Pacheco also argues that, because his guilty plea was invalid, his appeal waiver is necessarily invalid as well. However, since his guilty plea was valid, this argument fails.

dure 11(c)(1)(A) and (C). Moreover, the district court is not permitted to deviate from the sentences stipulated in such agreements. *See, e.g.*, *Mukai*, 26 F.3d at 955. Neither *Booker* nor *Ameline* has any bearing on these rules.

That the plea agreements stipulated (and the district court evaluated) upward departures is inapposite because the stipulated sentences were not based on the Guidelines. The parties determined that the defendants' acceptance of the maximum statutory sentence was the appropriate concession for the government's forbearance to prosecute. Any reference to the Guidelines was designed to make those prior determinations fit into what the parties believed was a mandatory scheme. Indeed, at Pacheco's sentencing hearing the government explained,

> "we also wanted to provide a basis that the Court could make its determination to accept the upward departure more than simply the Government is not going to file these other charges. We wanted the Court to have a separate basis [to accept the 120-month sentence]. . . . But in essence . . . that was an afterthought . . . ."

**[7]** We conclude that, where a defendant was sentenced after pleading guilty pursuant to a plea agreement that included a specific sentence stipulation that did not exceed the statutory maximum and was not contingent upon the Guidelines, remand is not required to comport with *Booker* and *Ameline*.[3] *Accord United States v. Silva*, 413 F.3d 1283, 1284 (10th Cir. 2005); *Cieslowski*, 410 F.3d at 364 ("A sentence imposed under a Rule 11(c)(1)(C) plea arises directly from the agreement itself, not from the Guidelines . . . . As *Booker*

---

[3]We need not determine whether or to what extent a plea agreement containing a stipulation of a particular Guideline range or a sentence otherwise based or contingent upon the Guidelines must comport with the Guidelines, as that situation is not before us.

is concerned with sentences arising under the Guidelines, it is inapplicable in this situation."). We further note that, even if appellants could avail themselves of the protections afforded by *Booker* and *Ameline*, their "express and generally unrestricted waiver[s] of appeal rights foreclose[ ] the objections now asserted . . . pursuant to *Booker* or *Ameline*." *United States v. Cortez-Arias*, 403 F.3d 1111, 1114 n.8, *as amended*, 425 F.3d 547, 548 (9th Cir. 2005).

## CONCLUSION

Appellants knowingly and voluntarily entered guilty pleas pursuant to plea agreements they negotiated to avoid prosecution for more serious offenses. In exchange for the government's forbearance, appellants agreed to serve the maximum sentence allowed by 18 U.S.C. § 924(a)(2). Nothing about the process was irregular, unlawful, or unconstitutional. We, therefore, lack jurisdiction to hear their claims.

**DISMISSED**.