UNITED STATES of America,
Plaintiff—Appellee,

v.

Lovina FARMER, Defendant—
Appellant.

No. 05-10393.

United States Court of Appeals,
Ninth Circuit.

Submitted March 8, 2006.*

Decided March 17, 2006.

Beverly Wee Sameshima, AUSA, USH—Office of the U.S. Attorney, Honolulu, HI, for Plaintiff-Appellee.

Richard T. Pafundi, Esq., Office of Richard T. Pafundi, Attorney at Law, Honolulu, HI, for Defendant–Appellant.

Before: CANBY, BEEZER and KOZINSKI, Circuit Judges.

MEMORANDUM **

Lovina Farmer appeals from her guilty plea conviction for conspiracy to import methamphetamine, in violation of 21 U.S.C. §§ 952(a), 963, and 960(b)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Farmer contends that the district court erred in denying her motion to withdraw her guilty plea. We review for abuse of discretion. *See United States v. Ortega–Ascanio,* 376 F.3d 879, 883 (9th Cir.2004).

First, Farmer contends that the change in law announced by the Supreme Court's decision in *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), rendered her guilty plea unknowing and involuntary. This contention is foreclosed by *United States v. Pacheco–Navarette,* 432 F.3d 967, 969–970 (9th Cir. 2005).

Next, Farmer contends that her plea was involuntary due to ineffective assistance of counsel. Specifically, Farmer contends that she was not shown the plea agreement until the day of her plea hearing, did not understand why she was in court the day she entered her plea, was pressured to plead guilty to prevent the prosecution of her son, and was promised a lower sentence than the one she received. However, the plea colloquy belies her contentions and, further, at the motion to withdraw hearing, the court reasonably credited counsel's testimony. *See United States v. Nostratis,* 321 F.3d 1206, 1211 (9th Cir.2003).

AFFIRMED.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.