**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Antonio STARKS, Defendant—
Appellant.**

**No. 05–10219.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 13, 2006.

Decided July 3, 2006.

Anne Pings, Assistant U.S. Attorney, Sacramento, CA, for Plaintiff–Appellee.

Shari G. Rusk, Law Offices of Shari Rusk, Sacramento, CA, for Defendant–Appellant.

Before: SCHROEDER, Chief Judge, GRABER, Circuit Judge, and HOLLAND,* District Judge.

MEMORANDUM **

Appellant Antonio Starks appeals his sentence of 151 months, which was imposed after he pled guilty to conspiracy to distribute and possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 846 and 841(a)(1). We dismiss in light of the valid appeal waiver. *See United States v. Nguyen,* 235 F.3d 1179, 1182 (9th Cir.2000) (stating that an appeal waiver is valid when it is entered into knowingly and voluntarily).

We reject appellant's argument that the change in the law effected by *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), rendered his prior appeal waiver invalid. *See United States v. Pacheco–Navarette,* 432 F.3d 967, 970 (9th Cir.2005). Neither the district court judge's statements at sentencing that an appeal should be taken nor the government's silence in the face of those statements are sufficient to override the contract between appellant and the government which flowed from the earlier plea agreement and change of plea. Any confusion over appellant's right to appeal did not arise contemporaneously with the waiver. *See United States v. Lopez–Armenta,* 400 F.3d 1173, 1177 (9th Cir.2005), *cert denied,* —— U.S. ——, 126 S.Ct. 199, 163 L.Ed.2d 204 (2005); *United States v. Floyd,* 108 F.3d 202, 204 (9th Cir.1997).

DISMISSED.

---

* The Honorable H. Russel Holland, Senior United States District Judge for the District of Alaska, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.