**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Julio Ernesto MARTINEZ–ESCOBAR,**
**Defendant—Appellant.**

**No. 05–10387.**

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 11, 2006.*

Filed Sept. 13, 2006.

Mark Wayne Reeves, Esq., USYU—Office of the U.S. Attorney, Yuma, AZ, for Plaintiff—Appellee.

Atmore L. Baggot, Esq., Atmore Baggot Attorney at Law, Apache Junction, AZ, for Defendant—Appellant.

Before: FERNANDEZ, W. FLETCHER, and RAWLINSON, Circuit Judges.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Julio Ernesto Martinez–Escobar (Martinez–Escobar) appeals the district court's sentence pursuant to his plea agreement. Martinez Escobar admits that he knowingly, voluntarily, and intelligently waived his right to appeal, but contends that this waiver is invalid because the sentence exceeded the district court's statutory authority post-*Booker.*

The district court did not exceed its statutory authority by accepting the plea agreement and imposing sentence under the sentencing guidelines, as agreed by the parties. Although "the scheme of downward and upward departures [has been] essentially replaced by the requirement that judges impose a 'reasonable' sentence," this court treats "such so-called departures as an exercise of post-*Booker* discretion to sentence a defendant outside of the applicable guidelines range." *United States v. Mohamed,* 459 F.3d 979, 987 (9th Cir.2006). Moreover, an "illegal sentence" is one "not authorized by the judgment of conviction or in excess of the permissible statutory penalty for the crime." *United States v. Cardenas,* 405 F.3d 1046, 1048 (9th Cir.2005) (citation and internal quotation marks omitted). As Martinez–Escobar does not contend that his sentence was either unauthorized by the conviction or in excess of the permissible statutory penalty, the sentence was not illegal and the exception to a valid appeal waiver does not apply. Because Martinez–Escobar admits his waiver was otherwise knowing and voluntary, the waiver is valid. *United States v. Nguyen,* 235 F.3d 1179, 1182 (9th Cir.2000). Thus, the appeal must be dismissed. *See United States v.*

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

*Pacheco–Navarette,* 432 F.3d 967, 971 (9th Cir.2005).

**DISMISSED.**