FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SERGIO RAYA-BAEZ, AKA Sergio
Raya,

Defendant - Appellant.

No. 10-10013

D.C. No. 2:08-cr-01167-JAT-1

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, District Judge, Presiding

Argued and Submitted January 10, 2011
San Francisco, California

Before: HUG, SCHROEDER, and RAWLINSON, Circuit Judges.

Sergio Raya-Baez appeals the 60-month sentenced imposed by the district

court following his jury conviction for illegal reentry after deportation in violation

of 8 U.S.C. § 1326. He claims the district court plainly erred by concluding that

his 1991 Arizona conviction for kidnaping qualified as a "crime of violence" under

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

U.S.S.G. § 2L1.2(b)(1)(A)(ii) and thus warranted a 16-level increase to the Sentencing Guidelines' base offense level. The Government argues that Mr. Raya-Baez waived his right to challenge this sentence enhancement by expressly agreeing in the district court that his prior conviction qualified as a "crime of violence." Jurisdiction is proper pursuant to 28 U.S.C. § 1291 and we conclude that Mr. Raya-Baez waived this challenge. We affirm.

This court reviews issues of waiver de novo. *United States v. Pacheco-Navarette*, 432 F.3d 967, 970 (9th Cir. 2005). Waiver is the "intentional relinquishment or abandonment of a known right or privilege." *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938). A defendant waives the right to appeal if the defendant "considered objecting . . . but 'for some tactical or other reason rejected the idea.'" *United States v. Jimenez*, 258 F.3d 1120, 1124 (9th Cir. 2001) (quoting *United States v. Perez*, 116 F.3d 840, 845 (9th Cir. 1997) (en banc)). In contrast, where a defendant fails to object because he "is unaware of a right that is being violated," the error is merely forfeited. *Perez*, 116 F.3d at 846. Forfeited rights are reviewable for plain error, while waived rights are not reviewable. *See United States v. Olano*, 507 U.S. 725, 733-34 (1993).

Here, the record demonstrates that Mr. Raya-Baez "considered objecting" to the sentencing enhancement but "rejected the idea." Prior to his sentencing, Mr.

2

Raya-Baez requested a continuance specifically to allow his counsel to undertake a "substantial investigation into the defendant's prior convictions in an effort to make the necessary legal objections to their use as sentence enhancements." The motion explained, "Defendant Raya-Baez is adamant that the use of his prior convictions as sentence enhancements is improper and has instructed counsel to strenuously investigate and research all possible objections to their use for this purpose." This motion to continue demonstrates that Mr. Raya-Baez recognized a potential problem with the characterization of kidnaping as a "crime of violence" and that he knew he could object to the sentence enhancement. Instead, Mr. Raya-Baez decided to take a different approach by arguing for a downward departure. *Cf. United States v. Si*, 343 F.3d 1116, 1128 n.3 (9th Cir. 2003) (holding that the defendant waived a sentencing entrapment argument where he acknowledged the argument in a pre-sentencing letter to the U.S. Probation Office, but subsequently did not object on those grounds before the district court).

Because Mr. Raya-Baez waived his challenge to the "crime of violence" sentence enhancement, this claim is not reviewable. *Olano*, 507 U.S. at 733-34.

**AFFIRMED.**

3