**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-30371 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-00222-RAJ-1 |
| v. | |
| CRAIG THOMAS CARR, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Submitted December 19, 2011[**]

Before: GOODWIN, WALLACE, and McKEOWN, Circuit Judges.

Craig T. Carr appeals from the sentence imposed following his guilty plea to

one count of sexual exploitation of a child in violation of 18 U.S.C. §§ 2251(c)(1)

and (c)(2)(A). We have jurisdiction under 28 U.S.C. § 1291. The matter is ripe for

review. *See United States v. Rodriguez-Rodriguez*, 441 F.3d 767, 771–72 (9th Cir.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

2006); *United States v. Williams*, 356 F.3d 1045, 1051 (9th Cir. 2004). We dismiss the appeal.

Whether a defendant has waived the right to appeal is a question of law reviewed de novo. *United States v. Watson*, 582 F.3d 974, 981 (9th Cir. 2009). In his plea agreement, Carr waived "to the full extent of the law" "[a]ny right . . . to appeal the sentence" so long as the custodial sentence was "within or below the Sentencing Guidelines range." This waiver was effective as to the terms of supervised release[1] even if Carr failed to foresee that those terms may have included plethysmograph testing.[2]

Carr argues that the waiver is inapplicable because the sentence was unconstitutional in light of the district court's failure to consult a psychologist or plethysmography expert before issuing it and to adequately justify the plethysmograph testing requirement on the record. We disagree. We need not

---

[1] *See Watson*, 582 F.3d at 986 (stating that a waiver of "'any aspect of the sentence' unambiguously encompassed supervised release terms.").

[2] *United States v. Johnson*, 67 F.3d 200, 203 (9th Cir. 1995); *United States v. Pacheco-Navarette*, 432 F.3d 967, 971 (9th Cir. 2005); *see also Watson*, 582 F.3d at 986.

decide whether justification of plethysmograph testing is constitutionally required[3] because the district court gave sufficient on-the-record consideration to the available alternatives[4] and to "whether the testing is sufficiently likely to yield useful results 'given the defendant's specific characteristics,'"[5] despite the fact that it did not consult a psychologist or plethysmography expert in so doing.[6]

**DISMISSED.**

---

[3]    *United States v. Weber*, 451 F.3d 552, 563 n.14 (9th Cir. 2006); *United States v. Williams*, 356 F.3d 1045, 1053 n.9 (9th Cir. 2004); *United States v. T.M.*, 330 F.3d 1235, 1241 n.6 (9th Cir. 2003); *see also United States v. Rudd*, No.10-50254, __ F.3d __, 2011 WL 5865897, at *4–5 (9th Cir. Nov. 23, 2011).

[4]    *See Weber*, 451 F.3d at 568; *see also United States v. Kennedy*, 643 F.3d 1251, 1259 (9th Cir. 2011).

[5]    *United States v. Cope*, 527 F.3d 944, 954 (9th Cir. 2008); *see also Weber*, 451 F.3d at 567, 569.

[6]    *See Weber*, 451 F.3d at 569.