NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 23 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 11-56281 |
| | ) | |
| Plaintiff - Appellant, | ) | D.C. No. 8:07-cv-00427-DOC |
| | ) | |
| v. | ) | MEMORANDUM[*] |
| | ) | |
| SATISH SHETTY, | ) | |
| | ) | |
| Defendant - Appellee. | ) | |
| | ) | |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Argued and Submitted October 8, 2013
Pasadena, California

Before: FERNANDEZ, PAEZ, and HURWITZ, Circuit Judges.

The United States of America (hereafter the "government") appeals the

district court's order of June 1, 2011, which sua sponte reopened and rescinded its

order of March 27, 2009. The 2009 order had denied Satish Shetty's 28 U.S.C. §

2255 motion; the June 2011 order granted that motion. We reverse.

(1)     The government first argues that the district court lacked jurisdiction

---

[*]This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

to reconsider the earlier order.[1]  We disagree.  In making its jurisdictional argument, the government has failed to distinguish claim-processing rules from jurisdictional rules.  See Bowles v. Russell, 551 U.S. 205, 210–11, 127 S. Ct. 2360, 2364–65, 168 L. Ed. 2d 96 (2007); Eberhart v. United States, 546 U.S. 12, 16, 126 S. Ct. 403, 405, 163 L. Ed. 2d 14 (2005) (per curiam); Kontrick v. Ryan, 540 U.S. 443, 454–56, 124 S. Ct. 906, 915–16, 157 L. Ed. 2d 867 (2004); United States v. Sadler, 480 F.3d 932, 936–37 (9th Cir. 2007).  We agree that the district court's inherent power[2] to reconsider the March 27, 2009, order denying § 2255 relief was limited by the Federal Rules of Civil Procedure[3] but they are claim-processing rules rather than jurisdictional rules.[4]  We also agree that pursuant to 28 U.S.C.

_____

[1]The district court first did so on April 7, 2011, but at that time it lacked jurisdiction because the case was on appeal.  See Carriger v. Lewis, 971 F.2d 329, 332 (9th Cir. 1992) (en banc).  However, we thereafter removed that jurisdictional hurdle by remanding to the district court.  See Fed. R. App. P. 12.1; Fed. R. Civ. P. 62.1.

[2]See Marconi Wireless Tel. Co. of Am. v. United States, 320 U.S. 1, 47–48, 63 S. Ct. 1393, 1415, 87 L. Ed. 1731 (1943) (discussing power to reconsider); United States v. Martin, 226 F.3d 1042, 1049 (9th Cir. 2000) (same).

[3]See, e.g., United States v. Beggerly, 524 U.S. 38, 42–44, 118 S. Ct. 1862, 1865–66, 141 L. Ed. 2d 32 (1998); Browder v. Dir., Dep't of Corr. of Ill., 434 U.S. 257, 270–71, 98 S. Ct. 556, 564, 54 L. Ed. 2d 521 (1978); Harvest v. Castro, 531 F.3d 737, 744 (9th Cir. 2008).

[4]See, e.g., Art Attacks Ink, LLC v. MGA Entm't Inc., 581 F.3d 1138, 1143 (9th Cir. 2009); First Ave. W. Bldg., LLC v. James (In re OneCast Media, Inc.),

(continued...)

2

§ 2244(b)(1),[5] second and successive petitions which raise an issue presented in a prior petition must be dismissed,[6] but that jurisdictional restriction does not apply to a court's acting on its own motion.[7] The government's jurisdictional arguments, therefore, fail.

(2)    The government then argues that on the merits the district court erred when it reconsidered and granted the § 2255 petition. We agree.

Shetty pled guilty pursuant to a detailed plea agreement, which was accepted by the district court after a hearing where the court carefully complied with the rules. See Fed. R. Crim. P. 11. Comments or events after a plea has been voluntarily entered,[8] as it was here, do not suffice to render the plea involuntary or

---

[4](...continued)
439 F.3d 558, 562 (9th Cir. 2006).

[5]The strictures of § 2241(b)(1) apply to § 2255. See Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir. 1999) (per curiam).

[6]See Tyler v. Cain, 533 U.S. 656, 661, 121 S. Ct. 2478, 2482, 150 L. Ed. 2d 632 (2001).

[7]See Calderon v. Thompson, 523 U.S. 538, 553–54, 118 S. Ct. 1489, 1500, 140 L. Ed. 2d 728 (1998).

[8]Circumstances and statements at the time of a plea are what matter. See Brady v. United States, 397 U.S. 742, 749, 90 S. Ct. 1463, 1469, 25 L. Ed. 2d 747 (1970); United States v. Gaither, 245 F.3d 1064, 1069 (9th Cir. 2001).

3

give cause for rescission.[9]  In short, while the district court's comment was unfortunate, it did not release Shetty from the consequences of his plea agreement more than seven years after its acceptance by the court.  Thus, we remand for reentry of the order of March 27, 2009.  However, our decision of this appeal is not intended to preclude Shetty from pursuing any legally available avenues of relief from the provisions of that order, other than the issue disposed of herein.

REVERSED and REMANDED.

---

[9]See United States v. Lopez-Armenta, 400 F.3d 1173, 1177 (9th Cir. 2005); United States v. Floyd, 108 F.3d 202, 204 (9th Cir. 1997); see also Puckett v. United States, 556 U.S. 129, 137, 129 S. Ct. 1423, 1430, 173 L. Ed. 2d 266 (2009) (breach of a plea agreement does not render a plea involuntary); United States v. Pacheco-Navarette, 432 F.3d 967, 969 (9th Cir. 2005) (later changes in the law do not render a plea involuntary).