**UNITED STATES of America,**
**Plaintiff,**

v.

**James Dean CLOUD, Defendant.**

**NO: 2:10-CR-2077-RMP**

United States District Court,
E.D. Washington.

Signed June 24, 2016

---

James A. Goeke, United States Attorney's Office, Spokane, WA, for Plaintiff.

Alison Klare Guernsey, Federal Public Defender, Alex B. Hernandez, III, Federal Defenders, Yakima, WA, for Defendant.

ORDER GRANTING 28 U.S.C. § 2255 MOTION TO VACATE SENTENCE

***U.S. MARSHALS SERVICE ACTION REQUIRED***

ROSANNA MALOUF PETERSON, United States District Judge

BEFORE THE COURT is Defendant's Motion to Vacate Sentence in Light of *Johnson v. United States*, — U.S. —, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015),

ECF No. 76. The Court has reviewed the motion, the response memorandum (ECF No. 78), the reply memorandum (ECF No. 83), has heard argument from counsel, and is fully informed.

## BACKGROUND

On July 14, 2010, Defendant was charged with Crime on an Indian Reservation-Burglary, in violation of 18 U.S.C. § 1153 and RCW 9A.52.025. ECF No. 1. On December 9, 2010, the Government filed a Superseding Information, charging Defendant with Crime on an Indian Reservation-Burglary, in violation of 18 U.S.C. § 1153 and RCW 9A.52.025, as well as Possession of Stolen Firearms, in violation of 18 U.S.C. § 922(j). ECF No. 47. Defendant pleaded guilty to both charges on December 9, 2010. ECF Nos. 49 and 51. In the plea agreement, Defendant agreed "that he shall receive a sentence of 120 months incarceration" for Crime on an Indian Reservation-Burglary and a consecutive "30 months incarceration" for Possession of Stolen Firearms. ECF No. 49 at 9. Overall, the parties agreed to jointly recommend a total of 150 months incarceration. *Id.* Further, the plea agreement noted that "Defendant hereby expressly waives his right to appeal his conviction and the sentence the Court imposes." *Id.* at 12. Defendant also

> waive[d] his right to file any post-conviction motion attacking his conviction and sentence, including a motion pursuant to 28 U.S.C. § 2255, except one based upon ineffective assistance of counsel based on information not now known by Defendant and which, in the exercise of due diligence, could not be known by Defendant by the time the Court imposes the sentence.

*Id.*

In preparation for sentencing, the United States Probation Office compiled a Pre-

sentence Investigation Report. ECF No. 63. The Probation Officer concluded that Defendant's Base Offense Level for Possession of Stolen Firearms was 24, based on the application of U.S.S.G. § 2K2.1(a)(2). *Id.* at 8. The Probation Officer found that Defendant triggered a heightened Base Offense Level because Defendant had been previously convicted of at least two felonies that constitute either "crimes of violence" or controlled substance offenses. *Id.* Defendant had prior convictions for second-degree burglary, residential burglary, and delivery of methamphetamine. *Id.* After a four level enhancement for possessing the firearm in connection with a felony offense and a three level downward adjustment for acceptance of responsibility, the Probation Officer recommended that Defendant's Total Offense Level was 25. *Id.* at 8–9.

Defendant was sentenced on March 1, 2011. ECF No. 67. The Court accepted the Probation Officer's calculation of Defendant's Base Offense Level which, coupled with Defendant's criminal history category of VI, resulted in a Sentencing Guideline imprisonment range of 110 to 137 months. ECF No. 70 at 1. The Court sentenced Defendant to 120 months on the burglary charge to run consecutive to 30 months on the possession of stolen firearm charge. ECF No. 69 at 2. Defendant was sentenced to a total of 150 months incarceration. *Id.*

On June 26, 2015, the Supreme Court decided *Johnson v. United States,* —— U.S. ——, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015). In *Johnson,* the Court held that the residual clause of the Armed Career Criminal Act (ACCA) was unconstitutionally vague in violation of the Due Process Clause. *Id.* at 2557.

On May 18, 2016, Defendant filed a Motion to Vacate Sentence in Light of *John-son v. United States,* —— U.S. ——, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015). ECF No. 76. Defendant argues that *Johnson,* in holding the ACCA residual clause to be unconstitutional, also invalidated the similar residual clause contained in U.S.S.G. § 4B1.2(a)(2). *Id.* at 1. Consequently, Defendant contends that he was improperly sentenced based on invalid prior crimes of violence and with an incorrect Base Offense Level. *Id.* The Court heard oral argument on Defendant's motion on June 22, 2016. ECF No. 89.

## ISSUE

Defendant argues that *Johnson,* in holding that the residual clause of the ACCA was an unconstitutionally vague violation of the Due Process Clause, necessarily invalidated the identical residual clause in U.S.S.G. § 4B1.2(a)(2), resulting in Defendant's having been unconstitutionally and improperly sentenced on the basis of having a prior conviction for a "crime of violence." *See generally* ECF No. 76. Defendant requests resentencing under a correct Guideline range. *Id.* at 21.

## DISCUSSION

### I. 28 U.S.C. § 2255

 28 U.S.C. § 2255(a) states that

[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which im-

posed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). The claimed error of law must be "a fundamental defect which inherently results in a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 346, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974) (quoting *Hill v. United States*, 368 U.S. 424, 429, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962)).

## II. Collateral Review Waiver

■ The Government moves to enforce the collateral review waiver contained in Defendant's plea agreement. ECF No. 78 at 11–12. The Government "contends that the Defendant's current motion is beyond the scope of review reserved by the plea agreement." *Id.* at 12.

■ "A waiver of appellate rights is enforceable if (1) the language of the waiver encompasses [the defendant's] right to appeal on the grounds raised, and (2) the waiver is knowingly and voluntarily made." *United States v. Medina–Carrasco*, 815 F.3d 457, 461 (9th Cir.2015) (internal citation omitted). "To discern whether a waiver is knowing and voluntary, we must ask 'what the defendant reasonably understood to be the terms of the agreement when he pleaded guilty.'" *Id.* (quoting *United States v. De la Fuente*, 8 F.3d 1333, 1337 (9th Cir.1993)).

In the plea agreement, Defendant waive[d] his right to file any post-conviction motion attacking his conviction and sentence, including a motion pursuant to 28 U.S.C. § 2255, except one based upon ineffective assistance of counsel based on information not now known by Defendant and which, in the exercise of due diligence, could not be known by Defendant by the time the Court imposes the sentence.

ECF No. 49 at 12.

■ However, "[a]n appellate waiver will not apply if 1) a defendant's guilty plea failed to comport with Fed. R. Crim. P. 11 ... or 4) the sentence violates the law." *United States v. Bibler*, 495 F.3d 621, 624 (9th Cir.2007). "A sentence is illegal if it exceeds the permissible statutory penalty for the crime or violates the Constitution." *Id.* Defendant's *Johnson* claim has a constitutional basis, namely that the residual clause under U.S.S.G. § 4B1.2(a)(2) is an unconstitutionally vague violation of the Due Process Clause. *See* ECF No. 76 at 1. As such, the Court finds that Defendant's *Johnson* claim is not barred by the collateral review waiver because it violates the law.

## III. *Johnson v. United States*

Defendant argues that Defendant is "currently serving a sentence in violation of due process" following *Johnson v. United States*. ECF No. 76 at 1. The Government contends that (1) any new rule following *Johnson* is a non-retroactive procedural rule; and (2) Defendant's 11(c)(1)(C) plea agreement precludes Defendant's request. *See* ECF No. 78.

### A. Rule 11(c)(1)(C) Plea Agreement

■ The Government argues that Defendant's sentence is based on Defendant's Rule 11(c)(1)(C) agreement as opposed to a Sentencing Guidelines calculation that accounted for a "crime of violence" under U.S.S.G. § 4B1.2(a)(2). *Id.* at 5–11.

First, *Freeman v. United States*, 564 U.S. 522, 131 S.Ct. 2685, 180 L.Ed.2d 519 (2011), no longer precludes Defendant's *Johnson* motion. In *Freeman*, the Supreme Court considered whether a defendant sentenced pursuant to an 11(c)(1)(C) plea agreement was eligible for relief under 18 U.S.C. § 3582(c)(2). *Freeman*, 564 U.S. at 525, 131 S.Ct. 2685. Although the

Court entered a plurality opinion, the Ninth Circuit previously held that Justice Sotomayor's concurrence controls as it was decided on the narrowest grounds. *United States v. Austin*, 676 F.3d 924, 927 (9th Cir.2012).

■ However, the Ninth Circuit overruled *Austin* in *United States v. Davis*, 825 F.3d 1014, 2016 WL 3245043 (9th Cir. June 13, 2016) (en banc). In *Davis*, the court determined that the plurality's, as opposed to Justice Sotomayor's, approach determined *Freeman*'s precedential impact. *See id.* at *10 ("We join the D.C. Circuit and adopt the plurality's rule."). As such, "[e]ven when a defendant enters into an 11(c)(1)(C) agreement, the judge's decision to accept the plea and impose the recommended sentence is likely to be based on the Guidelines; and when it is, the defendant should be eligible to seek § 3582(c)(2) relief." *Freeman*, 564 U.S. at 534, 131 S.Ct. 2685.

Accordingly, although Defendant entered into an 11(c)(1)(C) agreement, the Court is no longer bound to conclude that Defendant's sentence was based on the 11(c)(1)(C) agreement as opposed to the Sentencing Guidelines. As such, the Court will not bar relief as Defendant's total 150 month recommended sentence, to at least some degree, was based on the calculated Sentencing Guideline range of 110–137 months incarceration. *See* ECF No. 70 at 1.

■ Second, the Government argues that once the Court has accepted an 11(c)(1)(C) plea agreement, the Court is no longer free to deviate from the 11(c)(1)(C) stipulated sentence. ECF No. 78 at 6 (quoting *United States v. Pacheco–Navarette*, 432 F.3d 967, 971 (9th Cir.2005) ("Moreover, the district court is not per-

mitted to deviate from the sentences stipulated in" Rule 11(c)(1)(C) plea agreements.")).

Defendant's plea agreement, however, specifically noted that

> [i]f the Court does not accept the plea, does not accept this Plea Agreement, or *chooses to sentence the Defendant to a greater or lesser sentence than the United States and the Defendant have agreed upon*, the Defendant may withdraw his plea and withdraw from the Plea Agreement. The United States also at its option may withdraw from this Plea Agreement if the Court imposes a total sentence of incarceration less than 150 months.

ECF No. 49 at 9–10 (emphasis added). The plea agreement, despite styling itself as an 11(c)(1)(C) plea agreement, envisioned a scenario in which the Court imposed a sentence that differed from that agreed to by the parties. If, should the Court grant relief and schedule a resentencing hearing, the Court imposes a sentence that differs from that agreed to by the parties, either party will retain their right to withdraw from the plea agreement pursuant to the parties' negotiations.

Further, *Davis*, and by extension the now-controlling plurality opinion in *Freeman*, implicitly permit a district court to revisit a sentence imposed pursuant to an 11(c)(1)(C) plea agreement. Similar to sentence reductions under 18 U.S.C. § 3582(c)(2), 28 U.S.C. § 2255(a) gives a district court the authority to "vacate, set aside, or correct" sentences. *See* 28 U.S.C. § 2255(a). If a defendant can receive the benefit of a retroactive Sentencing Guidelines amendment following an 11(c)(1)(C) plea agreement, the Court can find no reason not to apply a similar rationale to

*Johnson* claims on collateral review. Following *Davis* the Court will not bar Defendant from being resentenced based on the 11(c)(1)(C) plea agreement should Defendant be entitled to relief.

## B. Retroactivity to the Sentencing Guidelines

■ Defendant argues that *Johnson* is a "new substantive constitutional rule that applies retroactively on collateral review to Guidelines cases." ECF No. 76 at 15. The Government, while agreeing that *Johnson* is a new rule, argues that "Defendant may not raise retroactively on collateral review the contention that his USSG calculation was erroneous because § 4B1.2 is unconstitutionally vague." ECF No. 78 at 21.

In *Johnson*, the Supreme Court held that the residual clause of the ACCA was an unconstitutionally vague sentencing statute in violation of the Due Process Clause. *Johnson*, 135 S.Ct. at 2557. The residual clauses in the ACCA and U.S.S.G. § 4B1.2(a)(2) are interpreted in an identical manner utilizing the same legal principles. *See United States v. Coronado*, 603 F.3d 706, 709–11 (9th Cir.2010). The Ninth Circuit has noted that *Johnson* invalidates the Sentencing Guidelines residual clause for cases on direct review. *United States v. Benavides*, 617 Fed.Appx. 790 (9th Cir. 2015).

■ Under *Teague v. Lane*, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), "new rules should always be applied retroactively to cases on direct review, but ... generally they should not be applied retroactively to criminal cases on collateral review." *Id.* at 303, 109 S.Ct. 1060. As such, new constitutional rules do not apply retroactively on collateral review unless one of two exceptions applies. *Id.* at 311, 109 S.Ct. 1060. "[A] new rule should be applied retroactively if it places 'certain kinds of primary, private individual conduct beyond the power of the criminal lawmaking authority to proscribe.'" *Id.* (quoting *Mackey v. United States*, 401 U.S. 667, 692, 91 S.Ct. 1160, 28 L.Ed.2d 404 (1971) (Harlan, J., concurring)). Such "substantive" rules "include decisions that narrow the scope of a criminal statute by interpreting its terms ... as well as constitutional determinations that place particular conduct or persons covered by the statute beyond the State's power to punish." *Schriro v. Summerlin*, 542 U.S. 348, 351– 52, 124 S.Ct. 2519, 159 L.Ed.2d 442 (2004).

■ Additionally, "a new rule should be applied retroactively if it requires the observance of 'those procedures that ... are implicit in the concept of ordered liberty.'" *Id.* (quoting *Mackey*, 401 U.S. at 693, 91 S.Ct. 1160 (Harlan, J., concurring)). The second exception is "reserved for watershed rules of criminal procedure." *Id.* Qualifying watershed rules implicate "the fundamental fairness and accuracy of the criminal proceeding." *Saffle v. Parks*, 494 U.S. 484, 495, 110 S.Ct. 1257, 108 L.Ed.2d 415 (1990).

Defendant argues that the Government's position is contrary to *Welch v. United States*, —— U.S. ——, 136 S.Ct. 1257, 194 L.Ed.2d 387 (2016). ECF No. 76 at 16. In *Welch*, the Supreme Court determined that "the rule announced in *Johnson* is substantive" and was retroactive to ACCA cases on collateral review. *Welch*, 136 S.Ct. at 1265. The Supreme Court found that *Johnson*, "[b]y striking down the residual clause as void for vagueness ... changed the substantive reach of the [ACCA], altering 'the range of conduct or the class of persons that the [Act] punishes.'" *Id.* (quoting *Schriro*, 542 U.S. at 353, 124 S.Ct.

2519)). As the residual clause "can no longer mandate or authorize any sentence ... 'even the use of impeccable factfinding procedures could not legitimate' a sentence based on that clause." *Id.* (quoting *United States v. U.S. Coin & Currency*, 401 U.S. 715, 724, 91 S.Ct. 1041, 28 L.Ed.2d 434 (1971)).

This Court finds the reasoning in *United States v. Dean*, 169 F.Supp.3d 1097, 2016 WL 1060229 (D.Or. Mar. 16, 2016), persuasive concerning *Johnson*'s retroactivity in the Sentencing Guidelines context. *Dean* found that a prior Ninth Circuit decision, *Reina–Rodriguez v. United States*, 655 F.3d 1182 (9th Cir.2011) (hereinafter *Reina–Rodriguez II*), mandated the conclusion that *Johnson* retroactively applies to both ACCA and the Sentencing Guidelines. *Dean*, 2016 WL 1060229, at *18. In *Reina–Rodriguez II*, the Ninth Circuit considered the retroactivity, on collateral review, of *United States v. Grisel*, 488 F.3d 844 (9th Cir.2007), which held that Oregon's second-degree burglary was not categorical burglary under the ACCA. *Grisel*, 488 F.3d at 852. As noted in *Dean*, *Reina–Rodriguez II* "did not engage in the as-applied analysis that the Government now urges this Court to use ... [as] [t]he Ninth Circuit did not distinguish between *Grisel* in the ACCA context and *Grisel* in the Guidelines context." *Dean*, 2016 WL 1060229, at *16.

In *Reina–Rodriguez II*, the defendant challenged a 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii) on the basis that *Grisel* had determined that his Utah second-degree burglary conviction was no longer a qualifying "crime of violence." [1] *Reina–Rodriguez II*, 655 F.3d at 1186–87.

The court found that "*Grisel* was grounded in substantive law, not criminal procedure." *Id.* at 1189. As *Grisel* "altered the conduct that substantively qualified as burglary under the categorical approach," the court found that "*Teague* does not bar retroactive application of *Grisel*." *Id.* The court remanded for resentencing as the defendant was no longer subject to the 16-level enhancement previously triggered by the Utah second-degree burglary conviction. *Id.* at 1193.

As *Reina–Rodriguez II*, on collateral review, retroactively applied a rule holding that a certain offense was no longer an ACCA "crime of violence" to a corresponding Sentencing Guidelines provision, the Court must apply the same reasoning to U.S.S.G. § 4B1.2(a)(2). Following *Welch*, *Johnson* is a substantive rule retroactive to cases on collateral review. *See Welch*, 136 S.Ct. at 1265. Under binding Ninth Circuit precedent, a substantive, retroactive rule narrowing the definition of "crime of violence" under ACCA is retroactive to identical Sentencing Guidelines provisions, regardless of how the *Teague* framework might operate when applied independently in the Sentencing Guidelines context. *See In re Hubbard*, 825 F.3d 225, 2016 WL 3181417, at *6 (4th Cir. June 8, 2016) (holding that *Johnson* is retroactive to the Sentencing Guidelines as "the government has cited no case to support the proposition that a rule can be substantive in one context but procedural in another"). Accordingly, the Court is bound to conclude that *Johnson* applies retroactively to the Sentencing Guidelines.

The Government argues that *Johnson* is not a substantive rule in the Guidelines

---

1. *Grisel* overruled *United States v. Reina–Rodriguez (Reina–Rodriguez I)*, 468 F.3d 1147 (9th Cir.2006), which had held that Utah's burglary statute qualified as ACCA categorical burglary. *See Grisel*, 488 F.3d at 858 (Bea, J., dissenting).

context as the Career Offender enhancement does not raise the statutory maximum sentence. However, the Supreme Court recently found that the "new rule" announced in *Miller v. Alabama*, —— U.S. ——, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012), is retroactive. *See Montgomery v. Louisiana*, —— U.S. ——, 136 S.Ct. 718, 193 L.Ed.2d 599 (2016). In *Miller*, the Court determined that juvenile offenders cannot be subject to mandatory sentences of life without parole. *See Miller*, 132 S.Ct. at 2475. In *Montgomery*, the Court held that "prisoners like Montgomery must be given the opportunity to show their crime did not reflect irreparable corruption; and, if it did not, their hope for some years of life outside prison walls must be restored." *Montgomery*, 136 S.Ct. at 736–37. The retroactive application of *Miller* simply requires a sentencing court to hold a procedural hearing to determine if a then-juvenile defendant is incorrigible, and has no impact on the statutory maximum sentence to which the defendant would be subject. As such, new rules do not have to alter the statutory maximum sentence to be substantive and retroactive on collateral review.

 Additionally, the Government contends that application of the Sentencing Guidelines are merely a procedural component of sentencing. However, the Supreme Court has noted that "[a]lthough the district court has discretion to depart from the Guidelines, the court 'must consult those Guidelines and take them into account when sentencing.'" *Molina–Martinez v. United States*, —— U.S. ——, 136 S.Ct. 1338, 1342, 194 L.Ed.2d 444 (2016) (quoting *United States v. Booker*, 543 U.S. 220, 264, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005)). Further, the Guidelines "are to be the sentencing court's 'starting point and

... initial benchmark.'" *Id.* at 1345 (quoting *Gall v. United States*, 552 U.S. 38, 49, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007)). "The Guidelines are 'the framework for sentencing' and 'anchor ... the district court's discretion.'" *Id.* (quoting *Peugh v. United States*, —— U.S. ——, 133 S.Ct. 2072, 2083, 186 L.Ed.2d 84 (2013)). As the Guidelines act as both the "starting point" and "lodestar" for federal sentencing proceedings, *see id.* at 1346, the Court rejects the Government's position which would relegate the Guidelines calculation to a mere formality in the overall sentencing scheme.

## C. Defendant's Underlying Convictions and U.S.S.G. § 2K2.1(a)(2)

At sentencing, the Court calculated Defendant's Base Offense Level to be 24 under U.S.S.G. § 2K2.1(a)(2) for having "committed this offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 2K2.1(a)(2); ECF No. 63 at 8. After a four level increase for possessing a firearm in connection with another felony offense and a three level downward adjustment for acceptance of responsibility, Defendant's Total Offense Level was calculated to be 25. *See* ECF No. 63 at 8–9. Defendant argues that his underlying convictions for second-degree burglary and residential burglary are no longer "crimes of violence" for the purpose of U.S.S.G. § 4B1.2(a)(2). ECF No. 76 at 9–12.

 As, following *Johnson*, the residual clause is no longer an available means of finding Defendant's burglary convictions to be "crimes of violence," the Court must apply the *Descamps v. United States*, —— U.S. ——, 133 S.Ct. 2276, 186 L.Ed.2d 438 (2013), "'three-step process' to determine whether a prior conviction is"

a "crime of violence." *Lopez–Valencia v. Lynch*, 798 F.3d 863, 867 (9th Cir.2015). The burglary convictions must be "categorical" matches for generic "burglary of a dwelling." *See* U.S.S.G. § 4B1.2(a)(2). Under *Descamps*,

> At the first step, we compare the elements of the state offense to the elements of the generic offense defined by federal law. If this "categorical approach" reveals that the elements of the state crime are the same as or narrower than the elements of the federal offense, then the state crime is a categorical match and every conviction under that statute qualifies as a [violent] felony. When a statute is "overbroad," meaning that it criminalizes conduct that goes beyond the elements of the federal offense, we turn to step two: determining whether the statute is "divisible" or "indivisible." If the statute is indivisible, "our inquiry ends, because a conviction under an indivisible, overbroad statute can *never* serve as a predicate offense." Only when a statute is overbroad and divisible do we turn to step three—the "modified categorical approach." At this step, we may examine certain documents from the defendant's record of conviction to determine what elements of the divisible statute he was convicted of violating.

*Lopez–Valencia*, 798 F.3d at 867–68.

■ Relevant to both Washington State residential burglary and second-degree burglary, "the generic, contemporary meaning of burglary contains at least the following elements: an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." *See Taylor v. United States*, 495 U.S. 575, 598, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). As noted by the Su-

preme Court, statutes that criminalize unlawful entry into places other than buildings "such as automobiles and vending machines" define burglary more broadly than the generic definition. *Id.* at 599, 110 S.Ct. 2143.

### 1. Attempted Residential Burglary

■ In 2006, Washington State defined residential burglary as "[a] person is guilty of residential burglary if, with intent to commit a crime against a person or property therein, the person enters or remains unlawfully in a dwelling other than a vehicle." RCW 9A.52.025(1) (1989). "Dwelling" was defined as "any building or structure, though movable or temporary, or a portion thereof, which is used or ordinarily used by a person for lodging." RCW 9A.04.110(7) (1988). A "building" can include a fenced area, a railway car, or cargo container. RCW 9A.04.110(5) (1988).

The Ninth Circuit has addressed the Washington State residential burglary statute under the "categorical approach." *United States v. Wenner*, 351 F.3d 969 (9th Cir.2003). The court held that "the Washington statute is broader than federal law [as] burglarizing a fenced area that doubles as a dwelling is a residential burglary under Washington law, but not a 'burglary' under *Taylor*, and thus not a burglary of a dwelling under the Guidelines." *Id.* at 972–73. Consequently, residential burglary, as defined by Washington State, is not a categorical match with "generic" burglary.

■ Under the *Descamps* second step, the Court must determine whether the Washington State residential burglary statute is divisible or indivisible. *Descamps*, 133 S.Ct. at 2284. A statute is "divisible" if it "comprises multiple, alter-

native versions of the crime [such that] a later sentencing court cannot tell, without reviewing something more, if the defendant's conviction was for the generic (building) or non-generic [ (other) ] form of burglary." *Id.* "[W]hile indivisible statutes may contain multiple, alternative *means* of committing the crime, only divisible statutes contain multiple, alternative *elements* of functionally separate crimes." *Rendon v. Holder,* 764 F.3d 1077, 1085 (9th Cir.2014) (emphasis in original).

As noted above, the Ninth Circuit has held that the portion of the statute that expands beyond the "generic" definition of burglary is the "dwelling" element. *Wenner,* 351 F.3d at 972–73. In order to determine whether the statute is "indivisible," the Court must determine whether the different definitions of "dwelling" are, following *Rendon,* separate means or elements of committing residential burglary.

Concerning residential burglary, the Washington Pattern Jury Instructions do not require a jury to unanimously agree on the type of dwelling the defendant entered or unlawfully remained in. *See* 11A Wash. Prac., Pattern Jury Instr. Crim. WPIC 60.02.02 (3d ed.) (defining "residential burglary"); 11 Wash. Prac., Pattern Jury Instr. Crim. WPIC 2.05 (3d ed.) (defining "building"); 11 Wash. Prac., Pattern Jury Instr. Crim. WPIC 2.08 (3d ed.) (defining "dwelling"). Additionally, in Washington "[d]efinition statutes do not create additional alternative means of committing an offense." *State v. Linehan,* 147 Wash.2d 638, 646, 56 P.3d 542 (2002).

Under Washington State law, a jury is only required to unanimously conclude that a defendant entered or remained unlawfully in a "dwelling," and does not have to agree on the specific type of "dwelling" or "building." As such, the Washington

State definition of residential burglary contains alternative means, as opposed to alternative elements, and is therefore indivisible.

As the Washington State definition of residential burglary is not a categorical match for "generic" burglary and because the statute is indivisible, attempted residential burglary cannot be a predicate "crime of violence" under U.S.S.G. § 4B1.2(a)(2).

### 2. Second-Degree Burglary

In 2004, Washington State defined second-degree burglary as "[a] person is guilty of burglary in the second degree if, with intent to commit a crime against a person or property therein, he enters or remains unlawfully in a building other than a vehicle or a dwelling." RCW 9A.52.030 (1989). Similar to residential burglary, a "building" can include a fenced area, a railway car, or cargo container. RCW 9A.04.110(5) (1988). As the statute criminalizes unlawful entry into non-building structures such as a railway car, Washington State second-degree burglary is not a categorical match with "generic" burglary as defined by the Supreme Court. *See Taylor,* 495 U.S. at 598, 110 S.Ct. 2143. Further, as a jury is only required to unanimously conclude that a defendant entered or remained unlawfully in a "building," and does not have to agree on the specific type of "building," Washington State second-degree burglary is indivisible under the *Descamps* second step.

As the Washington State definition of second-degree burglary is not a categorical match for "generic" burglary and because the statute is indivisible, second-degree burglary cannot be a predicate "crime of violence" under U.S.S.G. § 4B1.2(a)(2).

### 3. Conclusion

The Court finds that neither Washington State residential burglary nor second-

degree burglary are "crimes of violence" that can be predicate convictions under U.S.S.G. § 2K2.1(a)(2). *See, e.g., Mathis v. United States,* —— U.S. ——, 136 S.Ct. 2243, 195 L.Ed.2d 604, 2016 WL 3434400 (June 23, 2016) (holding that Iowa burglary is not "categorical burglary" as the elements of Iowa burglary law are broader than those of generic burglary"). Accordingly, Defendant is entitled to habeas relief under 28 U.S.C. § 2255(a).

## CONCLUSION

Having found that Defendant is entitled to relief on his *Johnson v. United States* ground for relief, **IT IS HEREBY ORDERED:**

1. Defendant's Motion to Vacate Sentence in Light of *Johnson v. United States,* —— U.S. ——, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), **ECF No. 76,** is **GRANTED.**

2. Defendant's sentence imposed pursuant to U.S.S.G. § 2K2.1(a)(2), **ECF No. 69,** is **VACATED.**

3. Defendant will be resentenced on the underlying conviction on **September 1, 2016, at 10:00 a.m.,** in **Yakima,** Washington before the undersigned. Defendant must be present at the resentencing hearing.

4. An expedited Amended Presentence Investigation Report shall be prepared within forty-five (45) days of the date of this Order reflecting this Court's ruling and without application of a U.S.S.G. § 2K2.1(a)(2) based on Defendant's prior convictions for residential burglary and second-degree burglary. Any objections or memoranda regarding sentencing shall be filed within fourteen (14) days of the filing of the Amended Presentence Investigation Report and no later than seven days prior to resentencing.

The District Court Clerk is directed to file this Order and provide copies to counsel, the U.S. Probation Office, and the U.S. Marshals Service.